[No. 2931.  Decided October 6, 1898.]

THE STATE OF WASHINGTON on the Relation of T. S. Dahlquist, Appellant, v. ALEX VAN WYCK, Auditor of Whatcom County, Respondent.

HIGHWAYS — AUTHORITY OF BOARD OF CONSTRUCTION — PAYMENT OF CONTRACTOR — ISSUANCE OF WARRANTS — ASSIGNMENT.

Under Laws 1893, p. 301, § 33 (Bal. Code, § 3948), providing for the establishment of a system of improved roads, a board of construction appointed thereunder with power to inspect the work and suspend it in case of disagreement until the engineer can decide the controversy, is not authorized to cancel and annul a contract made by the county or declare a forfeiture thereunder, but may merely suspend construction pending the engineer's determination whether the work is being done according to contract and the proper material is being used.

Under Laws 1893, p. 301, § 31 (Bal. Code, § 3946), providing that when the board of construction shall file with the clerk of the board of county commissioners their certificate stating the total amount of work done or material furnished upon the construction of a public road, the clerk shall thereupon draw a warrant upon the county treasurer in favor of the contractor for the amount due, such amount becomes vested in the contractor, by virtue of the statute, upon the filing of the required certificate.

A contract stipulation that no assignment of a claim due a contractor by a county for work done in the construction of a public road shall create any cause of action against the county, or prevent it from settling with the contractor, does not excuse a failure to deliver warrants to a party designated by the contractor, when the contractor is entitled under the statute and the action of the board of construction to the warrants.

County warrants in payment of sums due a contractor for work done in the construction of public roads, under Laws 1893, p. 301, which provides that such warrants, upon the filing of the required certificate by the board of construction, shall "thereupon" issue, may be drawn at once, although by general statute the auditor is granted ten days' time in which to draw warrants.

Appeal from Superior Court, Whatcom County.—Hon. HIRAM E. HADLEY, Judge. Reversed.

*John R. Crites,* and *Frye & Webster,* for appellant.

*J. W. Romaine,* for respondent.

The opinion of the court was delivered by

ANDERS, J.—This was an application to the superior court of Whatcom county for a writ of mandate to compel the respondent, as auditor of that county, to issue two warrants in favor of one C. J. Pidwell, and to deliver the same to the appellant upon the order of said Pidwell. On May 18, 1897, the county of Whatcom, by the board of construction, entered into a contract, under and by virtue of an act of the legislature approved March 15, 1893, entitled, "An Act providing for the establishment of a system of improved roads in counties, and providing for the manner of laying out, constructing and maintaining the same" (Laws 1893, p. 301, Bal. Code, §§ 3916-3971), with the said Pidwell, for the construction of sections one and four of a certain road improvement in Whatcom county, known and designated in the contract as the "Ferndale and Blaine Road Improvement No. 10." This contract provided that monthly payments should be made to the contractor in an amount equal to eighty per cent. of the estimated value of the labor performed and materials furnished during the month, as ascertained by the board of construction. After the execution of the agreement, the contractor proceeded to discharge his duties thereunder, and estimates were made by the board of construction for the months of June and July, 1897; and warrants were issued by the respondent on the proper funds in payment of the amounts due, upon the order of the contractor. On September 4, 1897, the board of con-

struction certified its estimate for the month of August and filed the same with the respondent, in accordance with the statute and the terms of the contract. The amount then due, after making all proper deductions, was $862.25. Prior to the time of filing the certificate, however, and on or about August 24, the contractor delivered to appellant the following order, addressed to the respondent:

" Please deliver to T. S. Dahlquist warrants due me on August estimate on Ferndale and Blaine Road Improvement No. 10, in the amount of five hundred ($500.00) dollars. T. S. Dahlquist is authorized to sign my name for said amount of orders."

The warrants were not drawn by the respondent as requested in this order, and on September 15th appellant made a demand for the same, which demand was not complied with by the respondent. On September 24th, the contractor, Pidwell, made a supplemental order designating the particular funds upon which he desired the warrants to be drawn. Thereafter, respondent still refusing to issue the warrants, appellant instituted this proceeding and caused an alternative writ of mandate to be issued, commanding the respondent to issue the warrants, or to show cause why he had not done so, at a time specified therein. On the return day of the alternative writ, the respondent appeared and filed his answer and return, denying several allegations of the affidavit and writ and setting up as a first affirmative defense and return: (1) That on the 15th day of September, 1897, and before any demand had been made upon him as county auditor for the issuance of these warrants upon the August estimate, and before they could have been legally issued under the statute, the board of construction in charge of said work, by and with the concurrence of the county surveyor, who was the

engineer in charge of the work, having full power thereto
in them vested by the provisions of the contract and under
the act above referred to, duly made and passed an order
and resolution adjudging and declaring that the said Pid-
well, as such contractor, had wholly violated and broken,
abandoned and forfeited his contract, and further declar-
ing that the county of Whatcom was, by and on account of
such abandonment and forfeiture upon the part of said
contractor, wholly released from all the obligations of the
contract, and declaring that said Pidwell had forfeited all
his rights thereunder by the express terms and stipula-
tions thereof, and that all unpaid percentages and esti-
mates then in the hands of the county of Whatcom be re-
tained and held by said county as an indemnity to said
county for such forfeiture, violation and abandonment as
expressed and stipulated in said contract; and (2) that
on the same day, to-wit, the 15th day of September, 1897,
the board of county commissioners of Whatcom county, in
accordance with the order and decision of the engineer in
charge of said work, and of the order and resolution of
the board of construction as aforesaid, did also by and on
behalf of said county, duly and regularly pass an order
and resolution adjudging and declaring said contract
broken, violated, forfeited and abandoned by the said Pid-
well, on the ground and for the reason that he had wholly
failed and neglected and refused to comply with the terms
and conditions thereof as to the manner of doing the work
and improvements under said contract, and as to the
amount and character of the materials used in the work,
and also upon the ground that the said Pidwell had wholly
ceased to work upon said improvement, which order and
decision further ordered and declared that all unpaid esti-
mates and percentages then due or to become due to said
Pidwell, as said contractor, be forfeited to said county of

Whatcom according to the provisions of said contract. As a second affirmative return and defense, the respondent pleaded a provision of the contract to the effect that no sale, transfer, conveyance or assignment of any interest, demand or moneys due, owing or coming to the contractor by virtue of the contract or any agreement between the contractor or his assignee or any other person should have any effect or validity whatever to bind the county, or create any demand or right of action against it in favor of such assignee or assignment, or other person, or preclude it from the right to make settlement with, and payment in full to, the contractor of all credit money and demands accruing to him, as fully and to the same effect as though such assignment, transfer or conveyance had never been made. And it was further alleged that the county commissioners had never accepted such assignment or portion of assignment by resolution in accordance with the discretion vested in them by the terms of the contract. A demurrer to the affirmative matter in the answer was interposed by the appellant and overruled by the court; and thereupon appellant replied, setting up, among other things, that the board of construction and the board of county commissioners, in passing the resolutions as set forth in the answer, acted without jurisdiction in the premises, and also that the non-assignment clause of the contract had been construed and had been waived by all parties to the contract, and that all previous estimates had been paid upon orders given by the contractor without objection on the part of the respondent. This new matter in the reply was struck out on motion of the respondent. A trial was had by the court without a jury. At the trial the court admitted in evidence, over the objection of the appellant, the orders and resolutions of the respective boards above mentioned, but refused to permit the appel-

lant to introduce testimony for the purpose of showing that the contractor had not broken, violated or forfeited his contract, but was at all times proceeding in accordance therewith. After considering the evidence introduced by both parties, and making and filing its findings of fact and conclusions of law, the court rendered judgment in favor of the respondent, dismissing the petition, with costs.

Several errors are assigned and relied on by appellant as grounds for reversal of the judgment, but inasmuch as it is conceded by the learned county attorney that the sole question presented for determination is whether or not the order and resolution of the board of construction, with the concurrence of the engineer in charge of the work, and the order and resolution of the board of county commissioners concurring therein, did, under the provisions of the contract and of § 33 of the statute, constitute a defense to appellant's action, we will confine ourselves principally to a discussion of that question. Our statute relating to mandamus provides that the writ of mandate may be issued by any court, except a justice's or a police court, to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station, and that the writ must be issued in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law. (Laws 1895, p. 117, Bal. Code, §§ 5755, 5756). If, therefore, the law required the respondent, as county auditor, to issue and deliver the warrants upon the order above set forth, it was his plain duty to issue and deliver them. In this particular case his duty was clearly pointed out by § 31 (Bal. Code, § 3946) of the act in question, which reads as follows:

" When partial payments are provided for in the agreement, as each payment becomes due and before payment

shall be made, the board of construction shall file with the clerk of the board of county commissioners their certificate, stating as near as may be the total amount of work done or material furnished, and that such work appears to have been done in all respects as required by the contract. The clerk of the board of county commissioners [the respondent in this instance] shall thereupon draw a warrant on the county treasurer in favor of the contractor for the amount due:   Provided that no partial payment made during the progress of the work shall exceed eighty per centum of the estimated value of the work done."

This provision of the statute was embodied in the contract between the county and the said Pidwell.   Such having been the duty of the respondent under the explicit provisions of the statute, was the defense interposed by him in his answer a sufficient excuse for the non-performance of such duty?   We think not.   He certainly could not himself have entered into a valid agreement to avoid this duty, nor could the board of construction contract for him to avoid it by violating the statute.   The board of construction was created by virtue of the statute for an express purpose, and its duties were specifically defined by the law.   It had no power whatever to cancel and annul the contract made by the county, or to declare a forfeiture under that contract.   It is true that § 33 (Bal. Code, § 3948) of the act in question provides that

"it shall be the duty of the board of construction to inspect all work of construction from time to time and see that the same is being done according to contract, and in case any disagreement arises as to the manner of doing the same or of the kind of material used, they shall have authority to suspend the construction in question and call in the engineer who prepared the specifications, whose decision shall be final and shall be abided by."

This provision was included in, and made a part of, the contract; but it is manifest that this section was not in-

tended to invest the board with power to declare forfeitures or to annul contracts. The authority given to the board under this section was merely to *suspend* the construction of the road until the engineer should ascertain whether the work was being done according to contract, and whether the proper kind of material was being used. Conceding for the present that the board of construction, as the agent of the county, had the power to include in the contract the provision for the forfeiture of moneys due or to become due to the contractor, we are of the opinion that the money which was due upon the August estimate of the board of construction was not subject to forfeiture under that provision. The contract did not provide that the county commissioners might declare a forfeiture whenever, in their judgment or opinion, the contractor had not performed the provisions of his contract. The agreement provided for a forfeiture only in the event that the contractor failed, omitted or refused to comply with the provisions of his agreement, and did not provide that the commissioners or the engineer in charge of the work might declare the existence of such facts, and thus bind the contractor without a hearing on his part. Upon the filing of the certificate by the board of construction with the respondent, the amount then due to the contractor became, *ipso facto,* appropriated to his use, and his right thereto became vested in him by force of the statute above quoted. Nor do we think the fact that the contract provided that no assignment should have the effect to create any right or cause of action against the county, or prevent the county from settling in full with the contractor, afforded any excuse to the respondent for not issuing the warrants. In the first place, there was no assignment, strictly speaking, made by the contractor to the appellant, and appellant is not claiming any right against the county

which the contractor himself might not have claimed.   He
is only asking for the delivery of the warrants which be-
longed to Pidwell by virtue of the law and the act of the
board of construction.   It seems to have been considered
by counsel that the respondent had no right to issue these
warrants within less than ten days from the time of the
filing of the certificate of the board of construction, by
reason of a general act of the legislature declaring that no
county auditor or clerk of the board of county commis-
sioners shall issue any county warrant within less than ten
days from and after the date of the allowance of such
order, approved March 7, 1893 (Laws 1893, p. 76, Bal.
Code, § 394).   But we think that this view is incorrect,
and that it was the duty of the respondent to issue them
without delay.   The statute, as we have seen, provides
that he shall "thereupon" draw a warrant on the county
treasurer, which means, not within ten days, but, accord-
ing to Webster, "immediately; at once; without delay."
See Webster's International Dictionary.   This, being a
later provision than the general act, must prevail.

The judgment is reversed and the cause remanded with
directions to issue the peremptory writ.

DUNBAR, GORDON and REAVIS, JJ., concur.